COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Overton
Argued at Richmond, Virginia


PAMELA J. HAWKS, A/K/A PAMELA J. WALKER
                                      OPINION BY
v.        Record No. 2633-96-2     JUDGE LARRY G. ELDER
                                      JULY 15, 1997
DINWIDDIE DEPARTMENT OF SOCIAL SERVICES


        FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
             James F. D'Alton, Jr., Judge

        Linwood T. Wells, III, for appellant.

        James H. Ritchie, Jr., for appellee.



     Pamela J. Hawks (mother) appeals the trial court's order
terminating her residual legal rights to remain the parent of her
son, James Leroy Walker (child).  She contends that the trial
court erred when it concluded that child had not reached an "age
of discretion" and did not allow her to secure his presence in
court so that he could express his opinion on the termination
proceeding.  For the reasons that follow, we reverse and remand.

                              I.

                            FACTS

     On July 26, 1989, after being incarcerated, mother signed an
entrustment agreement granting custody of child to the Dinwiddie
County Department of Social Services (department).  Mother was
released from incarceration in 1992.  After several failed
attempts to permanently reunite mother and child, in January,
1996, the department filed a petition seeking the termination of
mother's residual parental rights.  A juvenile and domestic

relations court terminated mother's residual parental rights in June, 1996, and mother appealed to the circuit court (trial court).

The trial court held a hearing on the department's petition on September 17, 1996. The child was not present at the hearing, and mother moved for a continuance so that he could be present to testify. Mother argued that child had reached an "age of discretion" and that under Code § 16.1-283(E) the trial court should grant him an opportunity to object to the termination proceeding.

Before deciding mother's motion, the trial court heard evidence on the issue of whether child had attained an "age of discretion." Dorthea Townes, a senior social worker with the department, testified that she had been involved with mother's and child's case since its inception. She testified that the child is eleven and one-half years of age and that he is smart, bright, "very good mannered," and "does well [talking] with adults." She testified that child "thinks more like an 11-year-old, not like an older child." She testified that child had problems completing assignments in school during the previous year and had been held back to repeat the fifth grade. She also testified that child has been diagnosed with hyperactivity and depression and currently received therapy and medication for these conditions. She testified that she had met with child approximately four times since the beginning of the termination

-2-

proceeding and had explained to him "why we were coming to court and the decisions that the judge makes." She testified that child was capable of explaining to the trial court his feelings about his mother.

Michelle L. Ferris, child's guardian ad litem, also testified on the issue of whether child had reached the "age of discretion." She testified that she met with child several times during the proceedings and that their last meeting took place six months before the termination hearing. She testified:

> We discussed all of the proceedings. He will tell you how he feels about his mother and, you know, there is no doubt that he will tell you that he loves her. He will tell that to Mrs. Townes. He will tell that to anybody. He also will tell you, though, that he understands she cannot take care of him. And I think in making that statement that shows a level of maturity on his part to recognize that he doesn't blame his mother for that, he just accepts it.

She also testified that child appears to be "normal" for his age. She concurred with the opinion of Amy R. Gilbert, child's psychological counselor, that child needs a "nurturing stable structuring environment" to cope with his problems in school.

A report written by Ms. Gilbert was also made part of the record. In the report, Ms. Gilbert stated that child suffered from depression "related to his relationship" with mother. She wrote that child exhibited "attention seeking" behavior that stemmed from his lack of nurturing in his early years. At his foster parents' home, child had "sneaked" food from the kitchen

and hidden it under his pillow and had "taken money and toys" from his foster parents and other children. She opined that child will need continued psychiatric treatment "to deal with his depression related to these abandonment issues."

At the conclusion of the testimony, the trial court concluded that child had not reached an "age of discretion" and denied mother's motion for a continuance to secure child's presence. It reasoned that:

> I think [Code § 16.1-283(E)] uses the age of 14 for a reason and I think in light of the history of this child, 11, who is experiencing some psychological, emotional problems, is not on grade at school, has not exhibited any tendencies to make him older than his years, I think that would all have to be taken into consideration in determining whether he was at the age of discretion . . . . <u>I think that he at this age -- it would have to be something here to indicate that he is</u> extraordinary and older than most children at 11 and <u>able to comprehend and appreciate the circumstances. I do not find that from the record</u>.

(Emphasis added). The trial court proceeded to hear evidence and ordered the termination of mother's residual parental rights.

## II.

### AGE OF DISCRETION

Mother contends that the trial court erred when it refused to allow her to secure child's presence in court so that he could state his opinion regarding the termination proceeding. Specifically, she argues that the trial court erred when it

-4-

concluded that child had not reached an "age of discretion" that would have empowered him to block the termination hearing under Code § 16.1-283(E).  We agree.

Code § 16.1-283 establishes the procedures and grounds pursuant to which a court may order the termination of residual parental rights.  The section contains a "child preference clause" that limits the power of a court to terminate parental rights in certain circumstances.  Code § 16.1-283(E) states:

> Notwithstanding any other provisions of this section, residual parental rights shall not be terminated if it is established that the child, if he is fourteen years of age or older or otherwise of an age of discretion as determined by the court, objects to such termination.

(Emphasis added).  A child who falls under one of the classes of children described in the statute "must be afforded a meaningful opportunity to object" to the proceeding to terminate the residual parental rights of his or her parent.  Deahl v. Winchester Dept. of Social Services, 224 Va. 664, 676, 299 S.E.2d 863, 869 (1983).

In cases in which the testimony of a child younger than fourteen is sought, the determination of whether or not the child has reached an "age of discretion" is committed to the sound discretion of the trial court.  See id. at 676, 299 S.E.2d at 869.  However, if the evidence proves that a child is "sufficiently mature to have intelligent views and wishes on the subject" of the termination proceeding, then the trial court

should conclude that a child who is younger than fourteen has reached the "age of discretion." Id. at 675-76, 299 S.E.2d at 869. When determining whether a child is mature enough to have intelligent views and wishes on the subject, the trial court should consider all of the circumstances, including the "capacity, information, intelligence, and judgment of the child." Coffee v. Black, 82 Va. 567, 569-70 (1886). The trial court's determination will be reversed on appeal only for an abuse of discretion.

When reviewing the trial court's termination of parental rights on appeal, we view the evidence in the light most favorable to the prevailing party below. See Logan v. Fairfax County Dept. of Human Development, 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). Where, as here, evidence is heard ore tenus, we will not disturb the trial court's judgment unless plainly wrong or without evidence to support it. See id.; Lowe v. Dept. of Public Welfare, 231 Va. 277, 282, 343 S.E.2d 70, 73 (1986).

We hold that the trial court abused its discretion when it concluded that child had not reached an "age of discretion." The trial court based its conclusion on the finding that no evidence in the record indicated that child was "able to comprehend and appreciate the circumstances" of the termination proceeding. The evidence in the record was insufficient to support this finding.

The only evidence in the record regarding child's knowledge

and understanding of the termination proceeding indicates that he was aware of its existence and understood its ramifications. Ms. Townes testified that child was aware of both the juvenile and domestic relations court's decision terminating mother's parental rights and mother's decision to appeal to the trial court. She testified that she talked with child on four separate occasions about the termination proceeding and that she explained to him "why we were coming to court and the decisions that the judge makes." She also testified that child could explain to the trial judge his feelings about his mother. Ms. Ferris testified that she "discussed all of the proceedings" with child during her last meeting with him and that the two had a "good meeting." Moreover, child neither appeared before nor met with the trial judge to discuss his understanding of the proceeding, and no evidence indicates that child, despite his psychological and emotional problems, was unable to comprehend the information about the proceeding conveyed to him by Ms. Townes and Ms. Ferris. Because the trial court based its conclusion that child had not reached an age of discretion on a finding not supported by the evidence, its conclusion was an abuse of discretion.

In addition, the trial court's legal analysis of the "age of discretion" issue is somewhat confusing. Prior to hearing the evidence on this issue, the trial court correctly recited the test for determining whether a child has reached the "age of discretion" set forth in Deahl. See 224 Va. at 675-76, 299

S.E.2d at 869 (stating that a child is of the "age of discretion" when he or she is "sufficiently mature to have intelligent views and wishes on the subject").  However, in its analysis of the evidence, the trial court appeared to indicate that Code § 16.1-283(E) required it to find that child's maturity level equaled or exceeded that of a fourteen-year-old.  The trial court stated that "[Code § 16.1-283(E)] uses the age of 14 for a reason" and that the test for determining whether a child under 14 had reached an age of discretion required "something [in the record] . . . to indicate that [the child] is extraordinary and older than most children" of his age.

However, Code § 16.1-283(E) does not include such a requirement.  Indeed, the statute, as construed in Deahl, prohibits a trial court from basing its determination of whether a child has reached the "age of discretion" solely on presumptions regarding the child's age.  Instead, the focus of the inquiry is whether the child, regardless of how old he or she may be, is mature enough to intelligently consider the circumstances and ramifications of the termination proceeding.  The Deahl test is consistent with the general consensus among child development theorists and researchers that the decision-making capabilities of children develop gradually until they reach an adult level in their mid-teens but that the pace of development is dynamic and varies from child to child based on experience.  See Wallace J. Mlyniec, A Judge's Ethical Dilemma:

-8-

Assessing a Child's Capacity to Choose, 64 Fordham L. Rev. 1873, 1878-85 (1996) (summarizing current theory and research on child development).  Thus, Code § 16.1-283(E) requires an assessment of the particular child's circumstances, including his or her capacity, information, intelligence, and judgment, in order to determine whether that child possesses sufficient maturity to have intelligent views and wishes on the termination of his or her parent's parental rights.  See Deahl, 224 Va. at 675-76, 299 S.E.2d at 869; Coffee, 82 Va. at 569-70.

For the foregoing reasons we reverse the order of the trial court ordering the termination of mother's residual parental rights and remand for proceedings consistent with this opinion.

Reversed and remanded.