COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


LAURA KENNY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1483-97-2      JUDGE RUDOLPH BUMGARDNER, III
                                          JUNE 30, 1998
RICHMOND DEPARTMENT OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Theodore J. Markow, Judge

          Richard G. White, Jr., for appellant.

          Sandra L. Karison, Assistant City Attorney,
          for appellee.


     Laura Kenny appeals a decision to terminate her parental

rights.  She argues that there was insufficient evidence to

support the decision and that the trial court erred when it did

not ascertain whether her child was of an age of discretion.  For

the reasons that follow, we affirm.

     When reviewing a decision to terminate parental rights, we

view the evidence in the light most favorable to the prevailing

party below.  See Logan v. Fairfax County Dep't of Human Dev., 13

Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  Where, as here,

evidence is heard ore tenus, we will not disturb the trial

court's judgment unless plainly wrong or without evidence to

support it.  See id.; Lowe v. Dep't of Pub. Welfare, 231 Va. 277,

282, 343 S.E.2d 70, 73 (1986).

---

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Laura Kenny's daughter was born May 21, 1986.  She was placed in foster care March 27, 1992 and remained there through the trial in 1997.  While the daughter has been in foster care, Kenny has not been able to improve her parenting skills.  Kenny, depressed and mildly mentally retarded, was inconsistent in following through on counseling therapy.  Her medical prognosis for alleviating her problems is low.  She has poor insight into dangers, and she is not able to protect her child.  Her history indicates that she will probably have future crises.  Because of the lack of insight, she does not recognize how to overcome conflict and does not know the logical consequences of her acts.  She is only able to visit in a supervised setting.  She has made no progress in implementing the parenting skills taught her.  Her daughter is difficult to manage.  One witness testified that it would be best for Kenny and her daughter to continue supervised relations.  The daughter told her foster mother that she wanted to be adopted.

The trial court heard the testimony of the parties.  From the testimony, the trial court could find by clear and convincing evidence that it is in the best interest of the child to terminate Kenny's parental rights and that Kenny is unable within a reasonable period of time to remedy substantially the conditions that led to the foster care placement.  During the six years the child has been in foster care, Kenny has not been able to advance past the stage of being able to visit in a supervised

capacity.  She does not recognize situations that would put the child in danger, and she is not able to cope with crises when they arise.  The evidence supports the finding that both requirements of Code § 16.1-283(B) were met.

Kenny argues that the court erred when it failed to ascertain that the child was of an age of discretion when it terminated her parental rights.  Code § 16.1-283(E) states: "Notwithstanding any other provisions of this section, residual parental rights shall not be terminated if it is established that the child, if he is fourteen years of age or older or otherwise of an age of discretion as determined by the court, objects to such termination."

At the time of the hearing the child was eleven.  The child did not testify, and there was no proffer of her testimony.  The mother objected to the statement of the foster parent that the child preferred to be adopted.  The trial judge made no ruling on the mother's hearsay objection.  There was no evidence presented nor any proffered that suggested the child was of an age of discretion.

The appellant cites <u>Hawks v. Dinwiddie Dep't of Soc. Servs.</u>, 25 Va. App. 247, 487 S.E.2d 285 (1997), and <u>Deahl v. Winchester Dep't of Soc. Servs.</u>, 224 Va. 664, 299 S.E.2d 863 (1983).  Both of those cases are distinguishable from the case at bar.  In <u>Hawks</u>, the evidence indicated that the child understood the termination proceedings and its ramifications.  <u>Hawks</u>, 25 Va.

App. at 254, 487 S.E.2d at 288. Here there is no evidence to that effect. Indeed, the only evidence on the point is argument from the guardian _ad_ _litem_ that the child probably did not understand the difference between adoption and permanent foster care. In _Deahl_, the child was nearly fourteen and stated he wanted to return home on a permanent basis. Other evidence indicated that he said that because he did not want to upset his parents after a pleasant visit with them. The Supreme Court stated this evidence indicated the child was a mature thinker.

While the trial court in the present case made no specific ruling that the child was not of an age of discretion, it did hear extensive evidence about the child and her relation to her mother. This evidence provides no suggestion that the child had reached a level of development that could be called the age of discretion. Even if there had been evidence suggesting the child was of the age of discretion, the evidence was that the child wanted to be adopted and to have her mother's parental rights terminated. If there was any error, it was harmless. Accordingly, we affirm the decision to terminate parental rights.

_Affirmed._