COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


TASHA MONEKE HARVEY, SOMETIMES KNOWN AS
 TASHA MONIQUE HARVEY
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2691-98-3      JUDGE RUDOLPH BUMGARDNER, III
                                        OCTOBER 5, 1999
LYNCHBURG DIVISION OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

          Grady W. Donaldson, Jr. (Schenkel &
          Donaldson, P.C., on brief), for appellant.

          (Joyce M. Coleman, Senior Assistant City
          Attorney; Leslie E. Allen, III, Guardian ad
          litem for the minor child; Harris, Allen &
          Yoder, on brief), for appellee.  Appellee
          submitting on brief.


     Tasha Monique Harvey appeals the termination of her

residual parental rights to her daughter.  She argues the

evidence was insufficient to meet the clear and convincing

standard required for termination of parental rights under Code

§ 16.1-283(B).  Concluding that the evidence was sufficient, we

affirm the ruling.

     We view the evidence in the light most favorable to the

prevailing party below and grant to it all reasonable inferences

fairly deducible therefrom.  See Logan v. Fairfax County Dep't

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991). So viewed, the evidence established that in August 1993 the juvenile and domestic relations district court found that Harvey's daughter was an abused and neglected child and removed her from Harvey's care.  The police had been called to a fight between Harvey, who was only fifteen at the time, and her mother.  As the two fought, Harvey held the four-week-old baby so her head bounced and wobbled dangerously.  Harvey refused to put her child down when told to do so by the police and ultimately threw the child towards the police, who had to mace Harvey to get her under control.

Harvey herself had been placed in foster care in 1990.  For eight years she has received extensive counseling and support services from the Department of Social Services on a variety of topics including education, employment, finances, and anger management.  She received more than 600 hours of counseling and services through the Independent Living Program, which included parenting classes, medical and financial assistance, and psychiatric services.

A. James Anderson, Ph.D., a licensed clinical psychologist, conducted a psychological evaluation of Harvey on April 23, 1996.  He concluded that Harvey had limited intellectual resources, a mixed personality disorder, and a poor understanding of what is required for appropriate parenting.  He concluded his report by stating, "with a reasonable degree of

-

scientific certainty . . . any minor child in Ms. Harvey's care would be at substantial risk in terms of its health and well being.  Furthermore, Ms. Harvey's condition does not appear likely to improve much with or without treatment."

Despite the broad range of social services provided, Harvey did not consistently follow through with plans.  She did not reach her primary goal to complete the GED program and did not achieve employment.  While she had good intentions and was cooperative, when faced with choices, she resorted to unsuitable behavior.  She missed two appointments in 1997 with her social worker to discuss permanent placement for her daughter.  Despite financial counseling and assistance, Harvey spent money impulsively.  On a number of occasions social services had to provide her diapers, food, or formula for her two younger children.

No evidence indicated that Harvey progressed on issues of violence.  Harvey participated in two knifing incidents and assaulted a Bon Air staff member.  Police made eight calls to Harvey's residence in the year preceding the termination hearing.  In one incident her boyfriend cut her with a knife.  In another incident Harvey broke some furnishings during a fight with her mother.  As recently as March 1998, a medical neglect complaint resulted in a finding that she failed to seek proper medical treatment for one of her children who resided with her.

Harvey denied having a problem controlling her temper, but admitted the fight with her mother. She testified that she planned to get her GED in the fall of 1998 and would have a parent aide to assist her with the two younger children she had living with her. Harvey denied needing any further social services and claimed she was no longer involved with the boyfriend who knifed her in 1997.

Code § 16.1-283 provides the statutory framework within which a court may terminate a parent's residual rights. Termination is appropriate when it is in the child's best interest, the abuse or neglect is serious, and the mother is unable or unwilling to remedy the condition that led to the child's placement in foster care. See Code § 16.1-283(B). It is in the child's best interest to avoid "interminable delay" in deciding when, or if, a parent will substantially correct or eliminate those conditions. See Lecky v. Reed, 20 Va. App. 306, 312, 456 S.E.2d 538, 540 (1995) (citation omitted). Where the trial court hears evidence ore tenus, its decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Lowe v. Dep't of Public Welfare, 231 Va. 277, 279, 343 S.E.2d 70, 73 (1986).

Harvey claims that because she made some progress the evidence was insufficient to support the finding that she had not responded to, or followed through with, appropriate remedial

-

efforts.  Clearly, the abuse that caused Harvey's daughter to be placed in foster care was serious and life threatening.  The issue was whether Harvey substantially corrected or eliminated the conditions that resulted in the abuse enabling her daughter to return to her care within a reasonable amount of time.  See Code § 16.1-283(B).

Dr. Anderson's psychological evaluation of Harvey indicated that a child in her care would be at substantial risk and that Harvey had a poor prognosis for improvement, even with treatment.  For more than five years multiple agencies provided Harvey with comprehensive rehabilitation services.  During that time, Harvey was involved in numerous altercations, some involving knives, and was the subject of a founded, medical-neglect complaint involving one of her other children. Harvey had not substantially corrected or eliminated the circumstances that caused her daughter's placement in foster care in 1993.  Nothing indicated that the situation would improve within a reasonable amount of time.

Based on all the evidence, the trial court could reasonably find by clear and convincing evidence that the conditions that led to Harvey's abuse of her daughter were not going to change in the near future despite extensive assistance and services

-

provided to her.  Accordingly, we affirm the decision to terminate residual parental rights.

<u>Affirmed.</u>
