COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Clements and Senior Judge Willis


BARBARA HARPER

                                        MEMORANDUM OPINION*
v.    Record No. 1385-02-1                  PER CURIAM
                                        SEPTEMBER 10, 2002
VIRGINIA BEACH DEPARTMENT
 OF SOCIAL SERVICES


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

          (Pamela S. Wilson, on brief), for appellant.

          (Leslie L. Lilley, City Attorney; Paulette
          Franklin-Jenkins, Assistant City Attorney, on
          brief), for appellee.

          (David S. Hay, on brief), Guardian ad litem
          for the infant child.


     Barbara Harper (mother) appeals the decision of the circuit

court terminating her residual parental rights in her daughter,

BAH (daughter).  On appeal, mother contends the trial court erred

by finding (1) she failed to demonstrate good cause for her

failure to complete required programs, (2) the Department of

Social Services (the Department) offered her reasonable and

appropriate services, and (3) she failed to substantially comply

with the foster care plan.  Upon reviewing the record and briefs

of the parties, we conclude that this appeal is without merit.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

BACKGROUND

Daughter was born on August 22, 1991 and removed from mother's care on November 5, 1999 after mother refused to accept safe housing from the Department and did not locate adequate housing herself. Mother was ordered to participate in regular visitation, obtain stable housing, find regular employment, complete substance abuse counseling, attend individual therapy, and participate in a battered women's group. The Department offered mother transportation and provided services to help her locate housing and employment. Over one year after the time daughter was placed in foster care, mother had only completed the substance abuse evaluation, the psychological evaluation, and had complied with random drug screening. Mother did not complete any of the other requirements of the service plan. The Department subsequently changed the goal for daughter from permanent foster care placement to adoption and sought to terminate mother's residual parental rights.

ANALYSIS

"Code § 16.1-283 embodies the statutory scheme for the termination of residual parental rights in this Commonwealth." Lecky v. Reed, 20 Va. App. 306, 311, 456 S.E.2d 538, 540 (1995). Subsection (C)(2), the subsection under which the trial court terminated appellant's parental rights in this case, requires proof, by clear and convincing evidence, that (1) the termination is in the best interests of the child, (2) "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) despite those services, the parent has failed, "without good cause," to remedy those conditions.  Clear and convincing evidence is "'that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'"  Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 21, 348 S.E.2d 13, 16 (1986) (quoting Gifford v. Dennis, 230 Va. 193, 198 n.1, 353 S.E.2d 371, 373 n.1 (1985)).

The evidence established that the Department had worked with mother for over two years, offered her transportation to required services, attempted to help her find adequate housing and regular employment, and offered her other services and referrals.  The evidence, viewed in the light most favorable to the Department, established that it made "reasonable and

-

appropriate efforts" to help appellant remedy the conditions which both "led to" and "required continuation of" daughter's foster care placement in 1999.  Code § 16.1-283(C)(2).  Nonetheless, mother failed to make reasonable progress towards eliminating the conditions which led to daughter's foster care placement.

The evidence established that mother declined almost all services offered by the Department.  She did not obtain safe housing or regular employment.  She failed to complete counseling and therapy and failed to regularly visit daughter.  Mother argues only that she was unable to remedy the situation because of past sexual and physical abuse she endured from her father and husband.  Although a parent's limitations are factors for the court to consider, they do not necessarily constitute good cause for failing to remedy the conditions leading to foster care placement.  See Lecky, 20 Va. App. at 312, 456 S.E.2d at 541.  Furthermore, a parent's mental problems alone do not constitute good cause.  See Lowe v. Dep't of Public Welfare, 231 Va. 277, 281, 343 S.E.2d 70, 73 (1986).  "It is clearly not in the bests interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990) (citation omitted).

-

The record supports the trial court's determination that termination was in daughter's best interests and that mother had been either unwilling or unable to remedy those conditions which led to daughter's placement in foster care within twelve months, notwithstanding the significant efforts of the Department. The requirements of Code § 16.1-283(C), indispensable to termination of mother's parental rights, were satisfied.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.

-