COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


DWAYNE A. MILLER, JR.

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2331-08-3                             PER CURIAM
                                                       MARCH 24, 2009
HARRISONBURG-ROCKINGHAM
  SOCIAL SERVICES DISTRICT


                FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                             James V. Lane, Judge

           (Tracy J. Evans, II; Eldridge, Elledge & Harding, PLC, on brief), for
           appellant.  Appellant submitting on brief.

           (Rachel Errett Figura, Assistant County Attorney; Warren A.
           Picciolo, Guardian *ad litem* for the minor child, on brief), for
           appellee.  Appellee and Guardian *ad litem* submitting on brief.


        On August 22, 2008, the trial court terminated the residual parental rights of Dwayne

Miller, Jr., to his daughter, S.D.[1]  The trial court found clear and convincing evidence proved the

circumstances required for termination pursuant to Code § 16.1-283(C)(1) and (2).  On appeal,

Miller contends the evidence was insufficient to support the trial court's decision.  Finding no

error, we affirm.

        Pursuant to Code § 16.1-283(C)(1), a trial court may terminate the rights of a parent to a

child upon clear and convincing evidence that the parent,

           without good cause, failed to maintain continuing contact with and
           to provide or substantially plan for the future of the child for a
           period of six months after the child's placement in foster care

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The trial court also terminated the residual parental rights of S.D.'s mother.  We
affirmed that decision in <u>Doyle v. Harrisonburg-Rockingham Soc. Servs. Dist.</u>, Record No.
2109-08-3 (Va. Ct. App. Mar. 6, 2009).

> notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship. Proof that the parent . . . ha[s] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition[.]

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of service agencies.

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

S.D., the biological child of Miller and Audra Doyle, was born on November 9, 2006. Doyle had been diagnosed with mental conditions requiring medication and treatment, and she had no permanent home. After S.D.'s birth, the child lived with Doyle at a Salvation Army shelter. Social workers for Harrisonburg-Rockingham Social Services District (HRSSD) intervened with Doyle following reports of her engaging in behavior that put S.D.'s welfare at risk.

On February 16, 2007, HRSSD advised Doyle she needed to find a relative to care for S.D. or the child would be placed in foster care. Doyle took the child to Miller, who was then living with his girlfriend's parents. S.D. remained in Miller's care for less than a week. During that time the child lost weight. Miller later indicated he had not known how to feed or care for the child properly.

On February 21, 2007, Miller and Doyle met with HRSSD social workers and discussed placing S.D. with relatives. None of the relatives identified by Miller or Doyle was capable or willing to take S.D. Therefore, S.D. was placed in foster care.

Cheryl Dickensheets was the foster care social worker assigned to S.D. The foster care service plan required Miller to receive individual counseling, complete a psychological evaluation, maintain employment, and consistently participate in visitation with S.D. The service plan also required Miller, who had not maintained independent housing as an adult, to obtain a suitable residence for himself and S.D.

Miller left Dickensheets telephone messages on March 12 and 14, 2007. When Miller called Dickensheets on March 21, 2007, they discussed the requirements of the service plan, including that Miller obtain consistent employment and remain in contact with HRSSD. During a telephone conversation on April 16, 2007, Dickensheets gave Miller an update regarding S.D.'s

welfare. Miller said he was looking for work and was moving in with his grandparents.[2] Miller stated that he agreed with the requirements of the foster care service plan.

In May 2007, Dr. Joanne Grayson, a clinical psychologist, completed an evaluation of Miller with regard to his general functioning and parenting. Dr. Grayson concluded Miller lacked the knowledge and insight required for appropriate parenting. Dr. Grayson recommended Miller obtain individual instruction in parenting and take a parenting class.

In the course of Dr. Grayson's evaluation, Miller had one visit with S.D. on May 8, 2007. Dickensheets advised Miller to contact her to schedule visitation with S.D. after he completed the evaluation with Dr. Grayson, but he did not do so. Miller initiated no further contact with Dickensheets other than leaving telephone messages for her on May 22, 2007 and July 13, 2007.[3] Although he subsequently attended court hearings regarding S.D., he did not approach Dickensheets to discuss S.D. or the plans for her future. Miller completed none of the programs and services required by the foster care service plan or recommended by Dr. Grayson.

Beginning in February 2008, Miller was incarcerated upon charges of carnal knowledge of a minor and contributing to the delinquency of a minor. He was convicted of the offenses on June 11, 2008. Miller was sentenced to seven years with five years and ten months suspended for the carnal knowledge offense, and received a twelve-month suspended sentence for contributing to the delinquency of a minor.

At the time of the termination hearing on August 22, 2008, S.D. was living with the same foster family with whom she was placed in February 2007. S.D. was thriving in her foster home.

---

[2] Miller's grandfather had been convicted of a "barrier" crime that prevented the placement of a child in his household.

[3] Miller claimed to have called Dickensheets a number of times when either he did not leave a message or her voicemail did not respond.

Miller remained incarcerated but expected to be released in February 2009. Miller claimed he would be able to provide a home for S.D. within a few months of his release.

Miller contends the evidence did not support a termination of his parental rights pursuant to Code § 16.1-283(C)(1). However, the evidence proved Miller knew S.D. was placed in foster care in February 2007. Miller had initial telephone contacts with Dickensheets and was aware of the requirement that he participate in the service plan. During the course of his psychological evaluation, Miller visited with S.D. in May 2007. Yet, he did not contact Dickensheets to arrange visitation thereafter. At the time of the termination hearing, Miller had had no contact with S.D. for fifteen months. Miller's claim that he became frustrated in attempting to reach Dickensheets by telephone did not constitute good cause for his lack of contact with S.D. or failure to plan for her future.

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

S.D. is thriving in the foster home where she has lived since she was three months old. Although Miller claims he will be capable of providing a suitable home for S.D. within a few months of his release from incarceration, he has demonstrated no ability to live independently. In this regard, Miller's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)).  However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).  The record supports the trial court's finding that the best interests of S.D. would be served by terminating Miller's parental rights pursuant to Code § 16.1-283(C)(1).

Miller also contends the trial court erred in terminating his residual parental rights pursuant to Code § 16.1-283(C)(2). Because we conclude the trial court's decision terminating Miller's parental rights was warranted under Code § 16.1-283(C)(1), we need not reach this issue.  When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds.  See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

Accordingly, the trial court's decision is affirmed.

Affirmed.