COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


TYHAN TILLMAN

MEMORANDUM OPINION[*]

v.       Record No. 0003-11-2                           PER CURIAM
                                                        JUNE 7, 2011

HALIFAX COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Joel C. Cunningham, Judge

(James E. Midkiff, on brief), for appellant.  Appellant submitting on
brief.

(Carol B. Gravitt; Brandon G. Hudson, Guardian *ad litem* for the
minor children; Gravitt & Gravitt, P.C., on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.


Tyhan Tillman (father) appeals the termination of his residual parental rights to his three

children, pursuant to Code § 16.1-283(C)(1) and (2).  He argues the trial court erred by finding

the evidence sufficient to support the terminations and that the Halifax County Department of

Social Services (DSS) "made all reasonable efforts to reunite the parent with the children as

required by" Code §§ 16.1-281 through 16.1-283.  Upon reviewing the record and briefs of the

parties, we conclude this appeal is without merit.

BACKGROUND

Father has been continuously incarcerated since December 2003 with a possible release

date no sooner than September 2012.  In September 2007, father's three children were removed

from their mother's home by DSS.  The record demonstrates the children had inadequate

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

supervision, had been physically abused, and had been sexually abused by another member of the household. Due to mother's drug use and instability, DSS was unable to return the children to mother's residence as originally detailed in the foster care plans.

Father maintained limited contact with his children through written correspondence after their placement in foster care. However, father has not seen the children since his incarceration. In response to a request by DSS, father provided the names of relatives for possible placement. None of the relatives father listed were able or willing to care for the children. When asked by DSS what plans father had for his children's future, father provided no answer. Father provided no evidence at trial that he availed himself of any services or treatment while incarcerated or that he prepared in any way to provide for his children's needs or well-being.

In fact, at trial, when confronted with DSS's evidence, appellant's counsel stated, "there's not much I can do to rebut that," and acknowledged "there's nothing we could do to prevent [termination] at this point."

## ANALYSIS

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "'The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it."'" Id. at 266, 616 S.E.2d at 769 (quoting Fields, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Pursuant to Code § 16.1-283(C)(1), a trial court may terminate the rights of a parent to a child upon clear and convincing evidence that the parent,

> without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship. Proof that the parent . . . ha[s] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition[.]

Code § 16.1-283(C)(2) provides that the residual parental rights may be terminated if it is in the best interests of the child and

> [t]he parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Decisions to terminate parental rights under Code § 16.1-283(C)

> hinge not so much on the magnitude of the problem that created the original danger to the child, but on the demonstrated failure of the parent to make reasonable changes. Considerably more "retrospective in nature," subsection C requires the court to determine whether the parent has been unwilling or unable to remedy the problems during the period in which he has been offered rehabilitation services.

Toms, 46 Va. App. at 271, 616 S.E.2d at 772 (citation omitted).

At the time DSS filed its petitions to terminate father's residual parental rights, his children had been in foster care for two years. During that time and the time since the petitions were filed, father has failed to maintain continuing contact with his children or in any way plan for their futures. Furthermore, father has been unwilling or unable to remedy the conditions that led to his children's placement in foster care.

- 3 -

"'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 695-96, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

Father appears to contend the trial court erred in finding termination of his parental rights was in the children's best interests. In determining whether termination is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

The children were removed from their mother's care in 2007 due to neglect and an unsafe residence. At the time of the termination hearing three years later, father was incarcerated with expected release no sooner than September 2012. Father's incarceration was "a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support [the] court's finding that the best interests of the child will be served by termination." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992). While incarcerated, father has failed to maintain consistent contact with the children in the years following their foster care placement and has failed to plan or provide for their future.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va.

277, 280, 343 S.E.2d 70, 72 (1986)).  However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The facts and circumstances supported the trial court's finding, by clear and convincing evidence, that termination of father's parental rights was in the best interests of the children pursuant to Code § 16.1-283(C)(1) and 16.1-283(C)(2).

In addition, whether services must be offered to an incarcerated parent was addressed by this Court in Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 590 S.E.2d 575 (2004).  There, we stated, "as long as he was incarcerated, the Department would have no avenue available to offer [the father] services aimed at assisting him in regaining custody of the child." Id. at 163-64, 590 S.E.2d at 583.  "'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case.  Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court."  Ferguson, 14 Va. App. at 338, 417 S.E.2d at 4.  We find no merit to father's apparent contention that the trial court erred by finding DSS made all reasonable efforts to reunite him with his children.

Accordingly, we affirm the decision terminating father's parental rights.

Affirmed.