COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Huff and Senior Judge Clements


DOROTHY MARIA STILLEY

                                                          MEMORANDUM OPINION*
v.      Record No. 1686-11-1                                  PER CURIAM
                                                            JANUARY 31, 2012
NEWPORT NEWS DEPARTMENT
 OF HUMAN SERVICES


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          H. Vincent Conway, Jr., Judge

              (Charles E. Haden, on brief), for appellant.

              (Shannon M. Manning, Assistant City Attorney; Michael P. Jones,
              Guardian *ad litem* for the minor child, on brief), for appellee.


        On July 28, 2011, the trial court terminated the residual parental rights of Dorothy Maria

Stilley (appellant) to her child, M.S., pursuant to Code § 16.1-283(C)(2) and § 16.1-283(E)(i).  On

appeal of this decision, appellant challenges the sufficiency of the evidence to support the

termination.  Upon reviewing the record and briefs of the parties, we conclude this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

        On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'"  Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

(2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409

S.E.2d 460, 463 (1991)).  When reviewing a decision to terminate parental rights, we presume the

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

When M.S. was born on December 2, 2009, one month prematurely, the hospital notified the Newport News Department of Human Services (DHS) because appellant's residual parent rights to M.S.'s half-brother, O.S., had been involuntarily terminated on May 13, 2008.[1] After a one-month stay in the hospital, M.S. was taken into custody by DHS and placed in a foster home. M.S. had medical issues resulting from her premature birth. Moreover, M.S. had to undergo testing and take medications because appellant had tested positively for both hepatitis C and HIV.

Appellant was arrested upon a probation violation and a charge of grand larceny on January 7, 2010. She remained incarcerated at the time of the termination hearing on July 28, 2011.

After taking custody of M.S., DHS explored the suitability of several individuals appellant had named as possible guardians for M.S. However, none of them was both willing and able to serve as a foster parent for M.S. under DHS's guidelines.

---

[1] Appellant's parental rights to O.S. were terminated as a result of her ongoing drug abuse and incarceration.

In September 2010 M.S. was placed in the same foster home as O.S., who was then ten years old. M.S. had adjusted well to the home, appeared healthy and happy, and had developed a secure relationship with O.S. She had bonded with the other children in the home, as well as the foster parents. The foster family planned to adopt both O.S. and M.S.

At the July 28, 2011 termination hearing, appellant testified that she anticipated she would be released from jail on August 1, 2011. Appellant testified that she was a drug addict and did not care about parenting when her rights to O.S. were terminated. She claimed that, while in jail, she had abstained from drugs and alcohol. She said her attitude toward parenting had changed, she loved M.S., and wanted to be the child's mother.

Termination of residual parental rights under Code § 16.1-283(E)(i) requires clear and convincing evidence that termination is in the best interests of the child and that "the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated[.]" Appellant concedes that her parental rights to O.S., a sibling of M.S., were involuntarily terminated, but claims termination of her parental rights to M.S. was not in the child's best interests.

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

Clear and convincing evidence proved that termination of appellant's parental rights was in the best interests of M.S. At the time of the termination, appellant had had no contact with M.S. for eighteen months, since shortly after the child's birth. In the meantime, M.S. had been

placed in a foster home with O.S.  M.S. was thriving, and the family planned to adopt both children.  Appellant remained incarcerated at the time of the termination hearing.

Although appellant claimed she would be able to provide a suitable home for M.S. upon her release, she provided the trial court with no evidence of permanent plans with regard to her care.  Appellant had a history of drug abuse and failure to care for M.S.'s sibling.  In this regard, appellant's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'"  Winfield v. Urquhart, 25 Va. App. 688, 695-96, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'"  Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)).  However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities."  Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Appellant also contends the trial court erred in terminating her residual parental rights pursuant to Code § 16.1-283(C)(2).  However, because we conclude the trial court's decision terminating appellant's parental rights was warranted under Code § 16.1-283(E)(i), we need not reach this issue.  When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds.  See Fields, 46 Va. App. at 8, 614 S.E.2d

at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

Accordingly, the trial court's decision is affirmed.

<u>Affirmed.</u>