COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

LARRY DARNELL BORDEN, SOMETIMES KNOWN AS
 LARRY DONELL BORDEN, SOMETIMES KNOWN AS
 LARRY DORNELL BORDEN

                                                    MEMORANDUM OPINION*
v.      Record No. 1548-15-3                        PER CURIAM
                                                    FEBRUARY 23, 2016

ROANOKE COUNTY DEPARTMENT
 OF SOCIAL SERVICES

                FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                          James R. Swanson, Judge

            (A. Kristin Shandor, on brief), for appellant.  Appellant submitting
            on brief.

            (Rachel L. Whiting, Assistant County Attorney; Kristen Konrad
            Johnstone, Guardian *ad litem* for the minor children; Osterhoudt,
            Prillaman, Natt, Helscher, Yost, Maxwell & Ferguson, PLC, on
            brief), for appellee.  Appellee and Guardian *ad litem* submitting on
            brief.

        Larry D. Borden (father) appeals from an August 27, 2015 circuit court order terminating

his residual parental rights to his two children pursuant to Code § 16.1-283(C)(2).  On appeal,

father argues that the trial court erred by terminating his parental rights because the Roanoke

County Department of Social Services (the Department) failed to meet its burden "of proof by

clear and convincing evidence that the termination is in the best interests of the children."

        Upon reviewing the record and briefs of the parties, we conclude that the trial court did

not err.  Accordingly, we affirm the decision of the trial court.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Father, the sole custodial parent of twin boys, was arrested on February 27, 2014. The boys, then ten years old, came into foster care at that time. Father later pled guilty to a number of drug-related offenses and was sentenced to an active term of incarceration of five years. The Department unsuccessfully attempted to locate suitable relative placements. Upon their placement in foster care, both boys exhibited severe behavioral issues, including destruction of property and physical violence. Father explained that the children had previously been in foster care when they had been in their mother's custody. During a prior period when father was incarcerated, the boys had been placed with others. The boys, currently in separate foster homes, have improved. In finding that the termination of father's parental rights was in the best interests

- 2 -

of the children, the trial court emphasized the boys' need for permanency and father's inability to provide for them.

ANALYSIS

A termination of parental rights under Code § 16.1-283(C)(2) requires clear and convincing evidence that termination is in the best interests of the child and that the parent,

> without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of . . . rehabilitative agencies to such end.

In addition,

> [p]roof that the parent . . . , without good cause, ha[s] failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan . . . shall constitute prima facie evidence of this condition.

Id.

> In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

Father maintains that his incarceration at the time of the termination hearing did not provide a basis for termination of his parental rights. However, father's incarceration was "a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support [the] court's finding that the best interests of the child will

be served by termination." Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

The trial court concluded that clear and convincing evidence proved the factors required for termination under Code § 16.1-283(C)(2), including that termination was in the best interests of the children. Father's involvement in the distribution of drugs ultimately led to the boys' removal from his care in February 2014. Father was subsequently convicted and faced years of incarceration. He has no ability to provide a home for his children for the foreseeable future. Father's admitted drug use and addiction, combined with the boys' special needs, provided the trial court with further evidence that the termination of father's parental rights was in the best interests of the children.

We recognize that "[t]he termination of [residual] parental rights is a grave, drastic and irreversible action." Helen W. v. Fairfax Cty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Considering all the facts and circumstances, the trial court did not err in concluding that there was clear and convincing evidence to prove the factors required for termination of father's parental rights pursuant to Code § 16.1-283(C)(2) and to demonstrate that termination was in the children's best interests. Thus, we affirm.

Affirmed.