COURT OF APPEALS OF VIRGINIA


Present:    Judge McClanahan, Senior Judge Willis and Retired Judge Overton[*]


ETHEL GIBSON AND JERRY GIBSON
                                                    MEMORANDUM OPINION[**]
v.        Record No. 0765-06-3                          PER CURIAM
                                                    SEPTEMBER 19, 2006
ROANOKE CITY DEPARTMENT
 OF SOCIAL SERVICES


                  FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                               Charles N. Dorsey, Judge

            (Randy V. Cargill, on brief), for appellants.  Appellants submitting
            on brief.

            (William M. Hackworth, City Attorney; Heather P. Ferguson,
            Assistant City Attorney, on brief), for appellee.  Appellee
            submitting on brief.

            (Joseph F. Vannoy, Guardian *ad litem* for the minor children, on
            brief).  Guardian *ad litem* submitting on brief.


        Ethel and Jerry Gibson (grandparents, the Gibsons) appeal the decision of the circuit court

denying their petition for custody of their three grandchildren:  C.R., J.W., and C.E.  They contend

the trial court erred because its decision denying custody "rested on the improper consideration

that [the Gibsons] might not be able to prevent contact between the children and their parents

whose parental rights the [trial] court terminated."  We disagree and hold the evidence supported

the trial court's refusal to place the children with the Gibsons.

_____

        [*] Retired Judge Overton took part in the consideration of this case by designation
pursuant to Code § 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below. McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). The salient facts concerning the conditions and treatment of the grandchildren are found in the memorandum opinion in Oliver v. Roanoke Dep't of Soc. Servs., Record No. 0803-06-3 (Va. Ct. App. Sept. 19, 2006).

The trial court denied the Gibsons' petition for custody and explained that it did so based on factors one, four, nine, and ten of Code § 20-124.3. Those factors include "[t]he age and physical and mental condition of the child, giving due consideration to the child's changing developmental needs;" "[t]he needs of the child, giving due consideration to other important relationships of the child, including but not limited to siblings, peers and extended family members;" "[a]ny history of family abuse;" and "[s]uch other factors as the court deems necessary and proper to the determination." The trial court found that "these children have overwhelming needs for continued development." Moreover, the trial court considered the long-term abuse suffered by the children before they were removed by the Roanoke City Department of Social Services (RDSS), which made the children extremely "fragile" and susceptible to long-term effects from that abuse. Although the trial court indicated it accepted Mrs. Gibson's assurance she would keep the parents out of the children's lives if so ordered, it did not believe she could do so. Finally, the trial court expressed concern with the Gibsons' judgment, in that they consented to their daughter, the children's mother, marrying a thirty-seven-year-old man when she was fourteen years old.

DISCUSSION

Code § 16.1-283(A) requires that a court "shall give consideration to granting custody to relatives of the child, including grandparents." Code § 16.1-283(A)(1) provides:

Any order transferring custody of the child to a relative or other interested individual pursuant to subsection A of this section shall be entered only upon a finding, based upon a preponderance of the evidence, that the relative or other interested individual is one who, after an investigation as directed by the court, (i) is found by the court to be willing and qualified to receive and care for the child; (ii) is willing to have a positive, continuous relationship with the child; (iii) is committed to providing a permanent, suitable home for the child; and (iv) is willing and has the ability to protect the child from abuse and neglect; and the order shall so state. The court's order transferring custody to a relative or other interested individual should further provide, as appropriate, for any terms and conditions which would promote the child's interest and welfare.

"[B]efore the court grants custody of a child, under the provisions of Code § 16.1-283(A) the Department has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options." Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 131, 409 S.E.2d 460, 465 (1991).

"On review, '[a] trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 128, 409 S.E.2d at 463 (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). Where the trial court hears the evidence *ore tenus*, its decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Lowe v. Dep't of Pub. Welfare, 231 Va. 277, 282, 343 S.E.2d 70, 73 (1986).

We disagree with the Gibsons' assertion that the trial court "denied custody based largely on an unsubstantiated consideration," namely, that they would not be able to keep the parents from becoming involved with the children.

Viewed in the light most favorable to RDSS, the evidence demonstrated that the children had been abused and traumatized by the parents for a long period of time, resulting in serious and

long-term mental, physical, and emotional conditions requiring intervention and counseling by highly specialized professionals. Moreover, Mrs. Gibson was aware of the conditions in the children's house and did not seek help or attempt to ameliorate them. As a result, the children have so many special needs it is unlikely one family setting could deal with their problems or that the children can be kept together during their required treatment. The evidence further showed that the Gibsons previously relinquished custody of another grandchild because they could not take care of the child's needs, yet that child had fewer needs than these three children. Moreover, the observations by the professionals during visitation reflected that the Gibsons, like the parents, were unable to set limits with the children.

The evidence, viewed in the light most favorable to RDSS, supports the trial court's decision not to place custody of the children with the Gibsons. Accordingly, we cannot say that the trial court's decision to deny the Gibsons' petition for custody was plainly wrong or without evidence to support it. See Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 219, 597 S.E.2d 214, 221 (2004). Therefore, we affirm the trial court.

Affirmed.