COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McClanahan and Senior Judge Willis


TIFFANY JACKSON

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2757-06-1                            PER CURIAM
                                                      MAY 15, 2007
CITY OF PORTSMOUTH DEPARTMENT
  OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                       James A. Cales, Jr., Judge

            (Darell Sayer; Ferrell, Sayer & Nicolo, P.C., on brief), for appellant.
            Appellant submitting on brief.

            (G. Timothy Oksman, City Attorney; Sheila C. Riddick, Assistant
            City Attorney; Barrett Richardson, Guardian *ad litem* for the minor
            child, on brief), for appellee.  Appellee and Guardian *ad litem*
            submitting on brief.


        On October 12, 2006, the trial court entered an order terminating the residual parental rights

of Tiffany Jackson, appellant, to her daughter, H.J., pursuant to Code § 16.1-283(B),

16.1-283(C)(1), and 16.1-283(C)(2).  On appeal, appellant contends the evidence did not prove

termination was in H.J.'s best interests.  Finding no error, we affirm the trial court's decision.

                                       FACTS

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

        H.J. was born on July 4, 2003.  The identity of H.J.'s father is unknown.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In August of 2004, appellant left H.J. at the home of a friend with the friend's children. The friend had not granted appellant permission to leave H.J. at the home. When appellant failed to return for H.J. for several days, the friend contacted the Portsmouth Department of Social Services (DSS), which took H.J. into custody and placed her in foster care.

Following H.J.'s foster care placement, DSS attempted to help appellant regarding issues of substance abuse, inadequate housing, and inadequate supervision of her children. DSS referred appellant to several resource agencies and made appointments to help her achieve the goals required for reunification with H.J. DSS repeatedly sent letters to appellant advising of the services that had been initiated on appellant's behalf and reminding her of various scheduled appointments. Other than completing a psychological evaluation, however, appellant achieved none of the required goals.

While H.J. was in foster care, appellant did not provide the child with toys, letters, money, or items that could be used in her care. Eventually, DSS lost contact with appellant, and she failed to appear for scheduled visits with H.J. after December 30, 2004. DSS was unable to locate any relative of appellant who was able to take custody of H.J.

Appellant did not appear at the termination hearing in circuit court on October 12, 2006, and her attorney was unaware of her whereabouts. DSS presented evidence that H.J. had bonded with her foster parents and was thriving in their care.

DISCUSSION

On appeal, appellant challenges the sufficiency of the evidence to support the termination of her parental rights.

> When reviewing a decision to terminate parental rights, we presume the circuit court "thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests." Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005) (quoting Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 796 (1990)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly

wrong or without evidence to support it.'" Id. (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). In its capacity as factfinder, therefore, the circuit court retains "broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley, 9 Va. App. at 328, 387 S.E.2d at 795.

Toms v. Hanover Dep't of Social Services, 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769

(2005). Moreover,

In determining what is in the best interests of the child, a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

At the time of the termination hearing, three-year-old H.J. had been in foster care for more than two years. During that period, appellant had made no provisions for her child. In fact, appellant had no contact with H.J. after December 2004. Other than completing a psychological evaluation, appellant made no progress toward the goals required for her to be reunited with H.J. The evidence proved appellant completely failed to avail herself of the assistance and resources provided by DSS. Appellant did not maintain contact with DSS or with the attorney representing her in the termination action. At the time of the termination hearing, H.J. was thriving in her foster parents' care.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Department of Public Welfare of the City of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent

- 3 -

will be capable of resuming his [or her] responsibilities." <u>Kaywood v. Halifax County Dep't of Soc. Servs.</u>, 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Clear and convincing evidence proved that termination of appellant's parental rights was in H.J.'s best interests. Accordingly, we affirm the trial court's decision.

<u>Affirmed.</u>