COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Powell


SHELLY M. MARTIN

                                                    MEMORANDUM OPINION*
v.      Record No. 2464-08-1                              PER CURIAM
                                                        MARCH 24, 2009
NORFOLK DEPARTMENT OF
  HUMAN SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                         John C. Morrison, Jr., Judge

          (Kelly B. St. Clair; St. Clair & Rosenblum, on brief), for appellant.

          (Bernard A. Pishko, City Attorney; Martha G. Rollins, Deputy City
          Attorney; Shelly F. Wood, Guardian *ad litem* for the minor child,
          on brief), for appellee.


       By order entered on August 19, 2008, the trial court terminated the residual parental rights

of Shelly Martin to her son, I.M., pursuant to Code § 16.1-283(B) and (C)(2).  On appeal, Martin

challenges the sufficiency of the evidence to support the termination.  Upon reviewing the record

and briefs of the parties, we conclude this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court. [1]  See Rule 5A:27.

       Under Code § 16.1-283(B), the parental rights of a parent of a neglected or abused child

may be terminated if the court finds by clear and convincing evidence that termination is in the best

interests of the child and that:

          1.  The neglect or abuse suffered by such child presented a serious
          and substantial threat to his life, health or development; and

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] In Stewart v. Norfolk Dep't of Human Servs., Record No. 2182-08-1, released this day,
we summarily affirmed the trial court's termination of the parental rights of I.M.'s father.

2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of services agencies.

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

I.M. was born on April 27, 1997. On December 17, 2005, when I.M. was eight, Martin was charged with contributing to the delinquency of I.M. It was reported that for three hours at night I.M. was locked out of the room of the boarding house where he lived with Martin.[2] When the police responded, they knocked on the door, but Martin did not answer. Eventually, Martin came to the door and stated she had been asleep because she was sick. A neighbor reported that I.M. frequently was outside the home alone at night. Finding Martin guilty of the charged offense, the juvenile and domestic relations district court (juvenile court) noted that it was Martin's third instance of child neglect. At Martin's sentencing hearing on February 16, 2006, the juvenile court removed I.M. from Martin's care due to chronic neglect and unsafe living conditions.

I.M. entered foster care in March 2006. For approximately one year thereafter, Martin did not maintain regular contact with the Norfolk Department of Human Services (NDHS), nor did she regularly participate in supervised visitation with I.M.[3] She failed to appear for scheduled visits with I.M. or contact NDHS to reschedule the visit. The foster care service plan required her to complete parenting classes, obtain substance abuse treatment, maintain safe and stable housing, and obtain employment. Martin failed to comply with these requirements.

After I.M.'s removal from the home, Martin gave birth to two children, one of whom tested positive for drugs at birth. The father of the two children was Roosevelt Hughes.

When he entered foster care, I.M. displayed persistent behavioral and emotional disturbances both at home and at school. Most of I.M.'s social contact with peers at school

---

[2] Martin had two children older than I.M. who were in the custody of a relative. Martin did not have regular contact with the older children.

[3] Records of NDHS indicate that during this period of time, Martin's whereabouts frequently were unknown, and documents sent to her by certified mail were returned to the agency.

ended in conflict. He was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD). In the foster home, there were several instances of I.M. acting out in a sexual manner. He also had a history of bed-wetting. I.M. reported that his mother had left him alone at night for long periods of time, which frightened him. In an August 2006 evaluation, representatives of the Tidewater Child Development Clinic recommended that I.M. receive therapy to address his emotional distress disorder and family therapy to help him manage his disruptive behavior. I.M. was living with a foster family that was interested in adopting him.

On November 2, 2007, Martin was convicted of a probation violation and received a three-year sentence. She is scheduled for release from incarceration in November 2009. At the termination hearing on August 19, 2008, Martin testified that she had completed substance abuse treatment and parenting classes while incarcerated. Martin further stated that if the trial court ordered I.M. returned to her custody, the child would have a suitable home with Hughes.

Martin argues the evidence did not prove she was unable or unwilling to remedy the conditions that led to I.M.'s placement in foster care within a reasonable period of time. At the time of the termination hearing, Martin was incarcerated. The evidence proved that for more than a year after I.M.'s placement Martin had made no progress toward the goals required for reunification with her son. Nor did she maintain consistent contact with I.M. or NDHS. "[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 184 (1990)).

Martin contends the trial court erred in finding termination of her parental rights was in I.M.'s best interests. In determining whether termination is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age
> and physical and mental condition of the child or children; the age

- 4 -

and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

I.M. was removed from Martin's care in early 2006 due to chronic neglect and an unsafe residence. At the time of the termination hearing more than two years later, Martin was incarcerated with expected release in November 2009. Martin's incarceration was "a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support [the] court's finding that the best interests of the child will be served by termination." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992). Although appellant, while incarcerated, has completed some of the requirements of the foster care service plan, she has failed to maintain consistent contact with I.M. in any manner in the years following his foster care placement, and has apparently continued to use controlled substances. By contrast, I.M.'s foster care family, which is interested in adopting him, has consistently provided for his needs and helped him cope with ADHD, destructive behavior, and emotional difficulties.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Because sufficient evidence supports the trial court's decision, we summarily affirm the termination of Martin's parental rights pursuant to Code § 16.1-283(B) and § 16.1-283(C)(2).

Affirmed.
