COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Powell and Senior Judge Clements


LINWOOD FAULK

                                                          MEMORANDUM OPINION*
v.        Record No. 3002-08-2                                  PER CURIAM
                                                              JUNE 9, 2009
RICHMOND DEPARTMENT
  OF SOCIAL SERVICES


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Margaret P. Spencer, Judge

                  (Brandy L. N. Keblusek, on brief), for appellant.

                  (Ramona L. Taylor; Charles R. Samuels, Guardian *ad litem* for the
                  minor children; City Attorney's Office; The Samuels Law Firm, on
                  brief), for appellee.


        On November 21, 2008, the trial court terminated the residual parental rights of Linwood

Faulk (appellant), to his daughters, L.T.F. and L.C.F., pursuant to Code § 16.1-283(C)(2).[1]  On

appeal, appellant contends the evidence was insufficient to support the trial court's ruling.  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

        Termination of a parent's residual parental rights to a child pursuant to Code

§ 16.1-283(C)(2) requires clear and convincing proof that termination is in the child's best

interests and that the parent, "without good cause, ha[s] been unwilling or unable within a

reasonable period of time not to exceed twelve months from the date the child was placed in

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The trial court also terminated the residual parental rights of Dena Bishop, appellant's
wife and the mother of L.T.F. and L.C.F.

foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of service agencies.

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

The City of Richmond Department of Social Services (DSS) became involved with L.T.F. and her parents when she was born having been exposed to cocaine and other drugs on May 30, 2005. DSS removed L.T.F. from the home of appellant and Bishop one year later, on May 30, 2006, because the parents had not followed through with substance abuse treatment. Moreover, domestic violence was reported in their home on a repeated basis.

Following L.T.F.'s removal, she was placed with foster parents Catherine Schick and her husband (the Schicks). Appellant attended regularly scheduled visits with the child.

L.C.F. was born to Bishop and appellant on June 1, 2007, and she tested positively for cocaine and opiates. L.C.F. was released from the hospital to appellant's care. Although Bishop continued to use drugs and commit acts of violence in the home, appellant permitted her to live with him and L.C.F. at times when Bishop was not in jail. Appellant also permitted David Haskins, a family friend with an extensive criminal record, to care for L.C.F. and L.T.F. when she was visiting the home.

On August 17, 2007, appellant was awarded temporary custody of L.T.F. and custody of L.C.F. Appellant successfully completed the family drug court treatment program that same month.

Although appellant claimed that he worked part-time, he relied upon the Schicks to care for L.T.F. weekly from Sunday evening until Friday evening. Appellant had L.T.F. with him only on weekends. In appellant's one bedroom apartment, L.T.F. slept in the same bed as appellant, and L.C.F. slept in a crib. After visits with appellant, L.T.F. exhibited regression in certain behaviors, as well as nightmares and sleeping disturbances. In addition, L.T.F.'s asthma frequently would flare up after visits with her father.

On October 9, 2007, following one such weekend visit with appellant, Schick noticed an excessive amount of powder in L.T.F.'s diaper. After cleaning away the powder, Schick noticed abrasions on the child's inner thigh and the outer lips of her vagina, which had developed scabs. Schick asked the child what had happened, and she said "Daddy." When Schick questioned appellant about what had happened, appellant said L.T.F. had scratched herself. Schick believed this explanation implausible since she kept the child's fingernails trimmed short.

As a result, a complaint was filed with Child Protective Services (CPS).[2]  CPS then discovered the agency had made a founded Level 1 finding against appellant in 1997 for sodomy of a nine-year-old girl.[3]  Appellant remained on the CPS registry, but he had failed to give DSS his fingerprint card, which could have been used to check his criminal background.

Based upon the pending CPS complaint and the prior sodomy finding against appellant, both L.T.F. and L.C.F. were removed from appellant's care on October 12, 2007.  The children were placed in foster care with the Schicks.

At the time of the final termination hearing in November 2008, L.T.F. and L.C.F. had been in foster care in excess of twenty-six months and twelve months, respectively.  Appellant had last visited with the children six to eight weeks before the termination hearing.  Visitation with appellant had been suspended because L.T.F.'s night terrors had returned and she had regressed significantly in her potty training.  The Schicks desire to adopt L.T.F. and L.C.F.  L.T.F. and L.C.F. have bonded with the Schicks and their other children and become an integral part of the family.

In addition to L.T.F. and L.C.F., appellant has two sons of whom he does not have custody and has not visited since 2004.  The boys live with appellant's parents, and appellant provides them with no monetary support.

Appellant introduced evidence he has completed parenting classes and anger management class, as well as the family drug court treatment program.  Appellant also has received substance abuse and mental health treatment.  Appellant denied sexually abusing L.T.F.

---

[2] The CPS investigation determined the complaint "unfounded."  However, medical evidence proved the injuries occurred while L.T.F. was in appellant's care.

[3] Criminal charges against appellant for the 1997 incident were *nolle prosequied*.

Appellant has contacted legal aid for assistance in divorcing Bishop. Appellant testified that he is unemployed, but receives disability payments and lives in subsidized housing.

Appellant argues that because he sought services and completed programs to improve his personal circumstances, he remedied the conditions leading to the removal of the children from his custody. However, the basis for the removal in October 2007 was the allegation that appellant sexually abused L.T.F. In addition, it was then discovered CPS previously had determined appellant committed sodomy against a female child.

The evidence proved that after he was granted temporary custody of L.T.F. in August 2007, appellant chose to perpetuate the child's connection with the Schicks, caring for the child only on weekends. In addition, although he was responsible for the well-being of the two girls, appellant left the children in the care of Haskins, who had an extensive criminal record. L.T.F.'s stays with her father had negative impacts upon her. Moreover, appellant permitted the children's mother, with a history of violence and substance abuse, to remain in the home at times when she was not in jail. Appellant has not contacted his two sons since 2004, and he provides no support for them.

Both L.T.F. and L.C.F. were born substance abused. They have been in foster care for substantial portions of their young lives. Yet, the children have responded well to the positive environment provided for them in the Schick home. They have bonded with the Schick family, who wants to adopt them.

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986). While we recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action[,]'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-28 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)), we conclude the facts and circumstances support the trial court's finding, by clear and convincing evidence, that termination of appellant's parental rights is in the best interests of the children.

Accordingly, we find appellant's appeal is without merit, and we summarily affirm the decision.

Affirmed.