COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Alston and Senior Judge Coleman


JESSICA FORTUNA

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2829-08-3                              PER CURIAM
                                                    SEPTEMBER 22, 2009
HARRISONBURG/ROCKINGHAM
  SOCIAL SERVICES DISTRICT


              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                              James V. Lane, Judge

            (William G. Wentz, on brief), for appellant.  Appellant submitting on
            brief.

            (Rachel Errett Figura, Assistant County Attorney; Sherwin John
            Jacobs, Guardian *ad litem* for the minor child, on brief), for
            appellee.  Appellee and Guardian *ad litem* submitting on brief.


        On October 24, 2008, the trial court entered an order terminating the residual parental rights

of Jessica Fortuna, appellant, to her son, T.W., pursuant to Code § 16.1-283(C)(1) and Code

§ 16.1-283(C)(2).[1]  On appeal, appellant contends the evidence was insufficient to support the

termination.  Finding no error, we affirm the trial court's decision.

        A termination pursuant to Code § 16.1-283(C)(1) requires the trial court to find by clear and

convincing evidence that termination was in the child's best interests and that the parent has,

            without good cause, failed to maintain continuing contact with and
            to provide or substantially plan for the future of the child for a
            period of six months after the child's placement in foster care
            notwithstanding the reasonable and appropriate efforts of social,
            medical, mental health or other rehabilitative agencies to
            communicate with the parent or parents and to strengthen the

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] On the same date, the trial court terminated the parental rights of T.W.'s father, Tyrone
Williams.

parent-child relationship. Proof that the parent . . . ha[s] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition . . . .

Termination of residual parental rights pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of service agencies.

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

T.W. was born to appellant on March 25, 2004. He was removed from appellant's custody on April 25, 2005. On that date, the Harrisonburg/Rockingham Social Services District (HRSSD) discovered that appellant had left T.W. and his older sister with a person who was not equipped to

care for an infant. Appellant's prior contacts with social service agencies included the removal of her two older sons from her custody in 2002.

For T.W. to be returned to appellant's custody, the foster care service plan required appellant to obtain a place of her own to live, maintain stable employment, attend parenting classes, and submit to a psychological evaluation. HRSSD referred appellant to a number of agencies to assist her in obtaining her own residence. She maintained that she would get her own apartment only if reunification with T.W. was imminent. Appellant had a series of part-time jobs, but did not pursue an opportunity of full-time employment. Appellant told HRSSD she did not have enough money to pay her bills, yet she purchased a Playstation game system and spent $98 on a treatment for her hair. HRSSD arranged parenting classes for appellant and scheduled visitation for her with T.W.

Dr. Joann Grayson, a clinical psychologist, attempted to perform a psychological evaluation upon appellant in 2006. However, after meeting with Grayson once, appellant failed to appear at subsequent appointments to permit Grayson to complete the evaluation. Counseling services were provided for appellant, but she did not consistently attend the scheduled sessions.

T.W.'s paternal grandmother, who lived in Florida, expressed interest in obtaining custody of the child, and a home study was performed. However, the grandmother withdrew her request for custody due to health issues that arose. Appellant later indicated she and the grandmother had agreed that once the grandmother obtained custody and T.W. arrived in Florida, the grandmother would allow appellant to have him.

Appellant tested positively for cocaine use in January and April 2006. After appellant had another positive drug test in May 2006, the goal of the foster care service plan was changed to adoption. Thereafter, appellant left the area and went to Florida, and she had no further contact with HRSSD or T.W. Appellant was incarcerated in Virginia beginning in January 2008 for failing to

pay child support for her other children. She remained in jail at the time of the termination hearing in October 2008.

The evidence proved T.W. had developed a close bond with the foster family with whom he has lived since his removal from appellant's custody in 2005. When T.W. began counseling with Jenny Kuszyk in June 2007, he had aggressive tendencies and exhibited separation anxiety. However, with the help of his foster family, T.W.'s behavior had improved. Kuszyk stated it was "significantly important" for T.W. to remain in a stable and structured family environment, like his foster home, to prevent regression in his behavior. The foster home is a potential adoptive home for T.W.

Appellant presented evidence that she lived with her friend Lisa Thomas for seven months beginning in August 2005. Thomas testified that appellant and T.W. interacted in a positive manner during their visits together. Appellant contributed money toward Thomas' rent and food expenses. Appellant testified she asked HRSSD for financial assistance so she could get her own apartment, but the agency refused. Appellant explained that she left Virginia in 2006 so she could get her life together and become capable of parenting T.W.

At the time of the termination hearing, appellant had not been in contact with her four-and-one-half-year-old son for more than two years. Appellant provided no legitimate reason for abandoning T.W. and leaving the state in 2006.

Moreover, T.W. is thriving in the care of a potential adoptive family with whom he has lived since April 2005. In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and

such other factors as are necessary in determining the best interests
of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

Although appellant claims she will be able to provide a suitable home for T.W. once she is released from incarceration, she provided the trial court with no evidence of permanent plans with regard to his care. In this regard, appellant's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 695-96, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 56, 390 S.E.2d 188, 194 (1990)).

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

The record supports the trial court's finding that clear and convincing evidence proved the best interests of T.W. would be served by terminating appellant's parental rights pursuant to Code § 16.1-283(C)(1).[2] Accordingly, the trial court's decision is affirmed.

Affirmed.

---

[2] Because we find the evidence sufficient to support a termination under Code § 16.1-283(C)(1), we need not consider whether sufficient evidence supported termination of appellant's parental rights pursuant to Code § 16.1-283(C)(2). See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).