COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, McCullough and Retired Judge Coleman[*]

RICHARD ELLIS

MEMORANDUM OPINION[**]

v.        Record No. 0857-12-3                    PER CURIAM
                                                  OCTOBER 2, 2012

HARRISONBURG-ROCKINGHAM
 SOCIAL SERVICES DISTRICT


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
James V. Lane, Judge

(W. Kent Bowers, on brief), for appellant.

(Rachel Figura, Assistant County Attorney; W. Andrew Harding,
Guardian *ad litem* for the minor child; Eldridge, Elledge, Evans &
Harding, PLC, on brief), for appellee.


On March 29, 2012, the trial court terminated the residual parental rights of Richard Ellis

(appellant) to his daughter, B.E., pursuant to Code § 16.1-283(C)(2). On appeal of this decision,

appellant challenges the sufficiency of the evidence to support the termination. Upon reviewing

the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we

summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in

the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

(2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d

---

[*] Retired Judge Coleman took part in the consideration of this case by designation pursuant to Code § 17.1 400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

460, 463 (1991)).  When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'"  Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)).  "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)).  "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'"  Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Appellant and Amanda Vincent are the biological parents of B.E., who was born on December 13, 2005.[1]  Appellant and Vincent never married, but lived together in New York.  Appellant and Vincent separated soon after B.E. was born.

After B.E.'s birth, appellant was incarcerated in New York for various periods of time upon convictions of drug offenses and other crimes.  Although he had visitation with the child when he was not incarcerated, she never resided with him.  Appellant had a long history of substance abuse, beginning in his teenage years, and he was unable to maintain stable employment or housing.  Appellant's longest period of incarceration after B.E.'s birth was for one year, until he was confined in jail again in September 2009.  Appellant remained in jail and subsequently was convicted in New York of possessing drugs with the intent to distribute them.  He received a two-year prison sentence, and had an expected release date of August 6, 2012.

---

[1] Vincent's parental rights to B.E. were terminated by the juvenile and domestic relations district court, and she did not appeal that decision.

Shortly after separating from appellant, Vincent became romantically involved with Fred Howroyd. Two children were born of that union. Vincent, Howroyd, B.E., and the two younger children lived together in New York. Howroyd was a convicted sex offender.[2]

In September 2010, Vincent, Howroyd, B.E., and the other two children left New York and came to Virginia. Representatives of the Harrisonburg-Rockingham Social Services District (HRSSD) learned that they were living in a tent in the George Washington National Forest in Rockingham County. With the assistance of HRSSD, Vincent and the three children found a temporary place to stay at Mercy House. Howroyd was not permitted at Mercy House.

Because he was a convicted sex offender, a protective order was entered against Howroyd prohibiting him from having contact with the children. Vincent indicated to HRSSD that she was unwilling to abide by the terms of the protective order and would allow Howroyd to have contact with the children. As a result, B.E. and the other two children were removed from her custody in October 2010. The three children were placed in a foster home together.

When B.E. entered foster care, she was impulsive, difficult to manage, and prone to temper tantrums. After she was removed from Vincent's custody, B.E. revealed that she had been sexually abused by Howroyd. In her foster care home, which was a potential adoptive placement for B.E. and the other two children, B.E.'s behavior significantly improved, she was on track developmentally, and she was receiving mental health therapy.

HRDSS investigated the possibility of placing B.E. and the other two children with relatives. However, visits with their maternal grandmother inevitably caused regressions in the children's behavior. Another relative considered for possible placement of B.E. was unable to take custody of Vincent's other two children.

---

[2] The victim in the case resulting in Howroyd's conviction was his then five-year-old daughter.

At the March 29, 2012 termination hearing, the trial court heard evidence that a one-year period of parole would follow appellant's August 2012 release from incarceration. During his parole, appellant's ability to leave the state of New York would be restricted. Prior to his most recent incarceration, appellant had participated in a New York drug court program, as well as inpatient and outpatient substance abuse treatment. Appellant testified that he had not used drugs since 2008, and he was participating in substance abuse treatment in prison. Appellant maintained that he had had regular contact with B.E. before he went to prison and that he had helped care for her during her infancy. As of the date of the termination hearing, six-year-old B.E. had not seen appellant for more than two years.

Appellant argues the evidence was insufficient to support the termination of his parental rights. Pursuant to Code § 16.1-283(C)(2), a parent's residual parental rights "of a child placed in foster care . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child" and that

> [t]he parent . . . , without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. . . .

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

Clear and convincing evidence proved the factors required for termination under Code § 16.1-283(C)(2), including that termination was in the best interests of B.E. When B.E. was removed from Vincent's care in October 2010, neither Vincent nor appellant was able to provide her with a stable and appropriate living environment. Appellant had a long history of criminal behavior and substance abuse. Appellant had remained incarcerated for a significant portion of B.E.'s life, and she had never lived with him. At the time of the termination hearing, B.E. had not seen her father for more than two years, and she had been in foster care for almost one and one-half years. She was thriving in her foster home with her two half-siblings, and the foster home was a potential adoptive placement for all three of the children together. Although appellant was scheduled to be released from prison in August 2012, he still faced a one-year period of parole during which his travel to Virginia would be restricted.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax Cnty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Pub. Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). With regard to appellant's long history of drug use and criminal behavior, his "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 695-96, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

Considering all the facts and circumstances, there was clear and convincing evidence to prove the factors required for termination of appellant's parental rights pursuant to Code § 16.1-283(C)(2). We summarily affirm the decision of the trial court.

Affirmed.