COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Huff and Senior Judge Haley

BRENDA FARMER

                                              MEMORANDUM OPINION[*]

v.     Record No. 0606-13-4                        PER CURIAM
                                             NOVEMBER 12, 2013

ALEXANDRIA DEPARTMENT OF COMMUNITY
 AND HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
James C. Clark, Judge

(Douglas A. Steinberg, on brief), for appellant.

(Jonathan D. Westreich, Special Counsel to the Alexandria
Department of Human Services; James L. Banks; Jill A. Schaub;
Ellen M. Dague, Guardian *ad litem* for the minor children; Office of
the City Attorney, on brief), for appellee.

Brenda Farmer (mother) appeals from March 8, 2013 circuit court orders terminating her

residual parental rights to her three children pursuant to Code § 16.1-283(B) and 16.1-283(C)(2).

On appeal, mother argues the trial court erred by terminating her parental rights because (1) she

"had made substantial progress towards elimination of the conditions which led to or required

continuation of the child's foster care placement," and (2) "the children in foster care were

exposed to [the] same problem, substance abuse, by a foster parent."

Upon reviewing the record and briefs of the parties, we conclude this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

Mother's children were removed from her care on December 19, 2011. The record reveals mother had a lengthy history with the Alexandria Department of Community and Human Services (the Department) dating back over ten years. After mother assaulted her then-sixteen-year-old child and admitted using the narcotic Phencyclidine (PCP) in the children's presence, the Department removed the children based on an immediate safety risk.

Following a juvenile and domestic relations district court finding that all three children were abused and neglected, mother was directed to complete a mental health and substance abuse screening and comply with all Department recommendations.

Although mother did address her addiction to PCP, she was unwilling to address her problems with alcohol abuse. Mother continued to consume alcohol even after being informed it was a barrier to her children returning home. She initially claimed she had not been drinking, but she had been outfitted with an alcohol sensing bracelet which proved she had repeatedly consumed alcohol. She refused to attend Alcoholics Anonymous as directed by the Department. She began individual counseling only months after it was first recommended and then did not continue with the sessions. Mother remains unemployed and unable to provide her children with stable housing or basic needs.

Therapists for each of the children testified they suffered as a result of mother's drinking and inability to supervise them.

*Analysis*

I.

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Code § 16.1-283(B) provides in pertinent part:

> The residual parental rights of a parent or parents of a child found by the court to be neglected or abused and placed in foster care as a result of (i) court commitment . . . may be terminated if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that:
>
> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time. In making this determination, the court shall take into consideration the efforts made to rehabilitate the parent or parents by any public or private social, medical, mental health or other rehabilitative agencies prior to the child's initial placement in foster care.

A court may also terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

Mother does not contest the trial court's conclusion that termination would be in the best interests of the children or that the children were neglected or abused while in her care. Instead, she argues only that she "had clearly made substantial progress in participating in services" and that "[i]n light of [her] substantial progress, it was error for the trial court to permanently divest [her] of her parental rights."

Code § 16.1-283(B)(2) also provides that proof that the parent or parents have habitually abused or are addicted to narcotics or other dangerous drugs to the extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment that could have improved the capacity for adequate parental functioning shall be *prima facie* evidence of the conditions set forth in Code § 16.1-283(B)(2). Thus, mother's continued substance abuse during the majority of the time the children were in foster care and her refusal to address the issue of her alcohol abuse was *prima facie* evidence it was not reasonably likely she would correct the conditions that resulted in the children's neglect or abuse so the children could be safely returned to her custody.

Although the record demonstrates mother made progress addressing her PCP addiction and made some attempts to follow the recommendations of the Department, mother failed to remedy the conditions that resulted in the children's neglect or abuse and subsequent removal

during the over fifteen months the children were in foster care preceding the termination proceedings.

"'[P]ast actions and relationships over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)). Furthermore, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). Mother was offered ample services over an extended period of time. She has consistently demonstrated that she has been unwilling or unable to remedy the conditions that require continuation of the children's foster care placement.

Mother failed to present evidence of an adequate plan to regain custody and provide for the children. Mother's extensive history of drug and alcohol abuse has caused her to be unable to adequately parent her children. We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax Cnty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Pub. Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, based upon mother's entire history, we find no error in the trial court's decision to terminate her parental rights under Code § 16.1-283(B) and 16.1-283(C)(2). Clear and convincing evidence proved that termination of mother's parental rights is in the children's best interests.

II.

Mother also argues evidence established the children were exposed to a foster parent's substance abuse and that, therefore, the trial court erred by terminating her residual parental

rights. She asserts "[t]he trial court cannot distinguish problems that the children may be having, that are related to actions completely outside the mother's control."

Although the record does demonstrate the children were removed from their initial foster care placement because the Department received information "that the foster father was intoxicated at the time" of a home visit, the record also shows there was no indication of actual harm to the children. The Department moved the children to a different placement "out of an abundance of caution." Nevertheless, even if the children were exposed to further harm while in the care of the initial foster parents, the record fully demonstrates the children's problems were directly linked to mother's drug and alcohol abuse and their chaotic home environment. Furthermore, as noted above, mother was unable to correct the problems that led to the children's removal within a reasonable amount of time.

For the reasons stated above, we summarily affirm the decision terminating mother's parental rights. See Rule 5A:27.

Affirmed.