COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata

UNPUBLISHED

OCTAVILA GARCIA

v.      Record No. 2285-13-4

LOUDOUN COUNTY
  DEPARTMENT OF FAMILY SERVICES

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 12, 2014

OCTAVILA GARCIA

v.      Record No. 2286-13-4

LOUDOUN COUNTY
  DEPARTMENT OF FAMILY SERVICES

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

(Buta Biberaj; Matthew P. Snow; Anthony I. Shin; Biberaj & Snow,
PC, on brief), for appellant.

(Sandra A Glenney, Assistant County Attorney; Courtney R.
Sydnor, Deputy County Attorney, on brief), for appellee.

(Ella Ann D'Amico, on brief), Guardian *ad litem* for the minor
children.


On September 3, 2013, the trial court terminated the residual parental rights of Octavila

Garcia (appellant) to her daughters, P.G. and C.G., pursuant to Code § 16.1-283(E).  On appeal of

this decision, appellant contends:  1) the evidence was insufficient to support termination under

Code § 16.1-283(E); 2) the evidence was insufficient to support termination under Code

§ 16.1-283(C)(2); 3) the trial court erred in not finding that Loudoun County Department of Family

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Services (LCDFS) did not comply with statutory and administrative mandates, as well as requirements imposed by the foster care service plans for the children; 4) the trial court erred in failing to find LCDFS did not comply with statutory and constitutional requirements regarding placement of the children with relatives; and 5) the trial court erred in failing to find LCDFS committed malfeasance designed to sabotage reunification of the family. Upon reviewing the record and briefs of the parties, we conclude these appeals are without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.[1]

## ANALYSIS

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax Cnty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)). When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cnty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a

---

[1] Appellant has filed a "Motion to Withdraw as Counsel for the Appellant/Request for Alternate/Additional Counsel [and] Motion for Extension of Time to File Reply Briefs." Appellee and the guardian *ad litem* have filed responses to those motions. Appellant has filed a reply to the responses. Upon consideration whereof, the motions are denied.

child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

I.

Under Code § 16.1-283(E)(i),

> [t]he residual parental rights of a parent . . . of a child who is in the custody of a local board or licensed child-placing agency may be terminated by the court if the court finds, based upon clear and convincing evidence, that it is in the best interests of the child and that (i) the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

On review of the sufficiency of the evidence to support the trial court's decision to terminate appellant's parental rights pursuant to Code § 16.1-283(E)(i), we need consider only whether P.G. and C.G. were in custody of LCDFS at the time of termination, whether appellant's rights to a sibling of P.G. and C.G. had been involuntarily terminated, and whether clear and convincing evidence proved the terminations were in the best interests of P.G. and C.G.

Appellant's four daughters, S.G., K.G., P.G., and C.G., came into the custody of LCDFS on October 1, 2009 and were placed in foster care. The evidence was uncontroverted that appellant's residual parental rights to S.G. and K.G., the older two daughters, were terminated on January 4, 2010 pursuant to Code § 16.1-283(B) by the Loudoun County Juvenile and Domestic Relations District Court (juvenile court).[2] Appellant did not appeal the terminations regarding S.G. and K.G.[3]

---

[2] The record demonstrates that the court proceedings relating to S.G. and K.G. were separated from those regarding P.G. and C.G. following dispositional orders entered on December 4, 2009 by the juvenile court. The orders found S.G. and K.G. had been abused or neglected and that P.G. and C.G. were at risk for abuse or neglect if returned to the custody of appellant and their father. Appellant appealed the December 4, 2009 orders regarding P.G. and C.G., but not the orders concerning S.G. and K.G.

[3] In her brief, appellant raises a number of arguments challenging the termination of her parental rights regarding S.G. and K.G. She argues LCDFS acted improperly and committed malfeasance pertaining to S.G. and K.G. and in the resulting termination of appellant's parental rights to them. She claims she did not receive effective assistance of counsel in the termination

Appellant contends LCDFS was obligated to provide her with services toward the goal of reunification with P.G. and C.G., but LCDFS failed to do so. The terminations regarding P.G. and C.G., however, did not require a showing that LCDFS provided services to appellant to facilitate reunification with them. Indeed, Virginia's statutory scheme for termination of parental rights does not require a "waiver of reasonable efforts" by the agency, as appellant suggests, or provide that a termination under Code § 16.1-283(E) may occur only if there was no prior court order regarding services to be provided to the parent.

Appellant alleges that permitting a termination under Code § 16.1-283(E) has the effect of allowing a social services agency to ignore court orders to provide a parent with rehabilitative services. However, neither in the trial court nor on appeal has appellant argued that Code § 16.1-283(E) is unconstitutional.

Appellant argues that her constitutional right to due process was violated by the decision of LCDFS to pursue terminations for P.C. and C.G. pursuant to Code § 16.1-283(E) without advance notice of its intent to do so. We note that on November 2, 2012, the juvenile court terminated

---

proceedings regarding S.G. and K.G. These issues are not germane to our review of the Code § 16.1-283(E)(i) terminations pertaining to P.G. and C.G.

Rule 1:6 provides:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

The trial court thus did not err in denying appellant the opportunity in the present proceeding to litigate issues regarding the terminations regarding to S.G. and K.G.

- 4 -

appellant's parental rights to P.G. and C.G. pursuant to Code § 16.1-283(C)(2) and (E). On her appeal *de novo* to the trial court, she thus had notice that LCDFS was seeking termination under Code § 16.1-283(E). Thus, her claim of lack of notice is not supported by the record.

As a subpart to her second assignment of error, appellant states that the trial court erred in finding the termination of appellant's parental rights to P.G. and C.G. was in the children's best interests. Nonetheless, appellant does not point to any facts or circumstances in the record to demonstrate the termination rulings were not in the children's best interests. Appellant focuses instead upon LCDFS's alleged failure to assist her in reuniting with her children, not upon how legal separation from appellant would affect P.G. and C.G.

In determining what is in the best interests of a child, this Court has stated:

> [A] court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

P.G. was born on September 6, 2000, and C.G. was born on February 10, 2003. At the time of removal from appellant's custody in October 2009, P.G. was nine years old and C.G. was seven. Four years passed between the time of the children's placement in foster care and the termination decisions in September 2013. At the time of removal of appellant's four daughters, it was determined that S.G. and K.G. had been subjected to several forms of abuse, and P.G. and C.G. were at risk for abuse and neglect if permitted to remain with appellant and the children's father. Appellant gave birth to another child, I.G., on February 24, 2010. In an action to allow Carmen Estrada, a non-family member, to assume legal and physical custody of I.G., appellant executed an affidavit indicating she and the children's father had no financial means to support

the child and there were no family members capable of doing so. The parental rights of P.G. and C.G.'s father had been terminated, and he was serving a sentence for the rape of K.G. Appellant was convicted of child abuse for her concealment of the father's sexual abuse of K.G. Although appellant had complied with some of the requirements of the foster care service plans, appellant's relationship with P.G. and C.G. had shown little improvement over the four years they had been in foster care. Both P.G. and C.G. stated that they love appellant, but they also wish to be adopted. No suitable family members were available to care for P.G. and C.G.

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax Cnty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Thus, we conclude there was clear and convincing evidence that termination of appellant's parental rights to P.G. and C.G. was in the children's best interests and the trial court did not err in finding the necessary requirements for termination under Code § 16.1-283(E).

## II.

Appellant argues the evidence did not support termination of her parental rights pursuant to Code § 16.1-283(C)(2). However, the trial court did not order termination on this basis, and we do not consider it on appeal.

## III., IV., and V.

With regard to her third and fourth assignments of error, appellant cites pages of the appendix or trial transcript upon which she claims to have preserved the issues for appellate

review.  The cited pages are to portions of opening statements made by appellant or the attorney for LCDFS, or to appellant's direct examination of Estrada.  None of these pages reflect an objection or argument regarding the issues raised in the third and fourth assignments of error.  Concerning the fifth assignment of error, appellant provides no citation to the appendix or transcript to indicate where the issue was preserved.  Moreover, appellant supplies this Court with no argument or citation to legal authority in support of the third and fifth assignments of error.

Rule 5A:20, which states the requirements for an appellant's opening brief, provides that the brief shall contain "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."  Rule 5A:20(c).  Rule 5A:20(e) requires that an opening brief contain "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error."[4]

Rule 5A:1A(a) provides that "[t]his Court may dismiss an appeal or impose such other penalty as it deems appropriate for non-compliance with these Rules."  In Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008), the Supreme Court found that when a party's failure to strictly adhere to the requirements of Rule 5A:20 is significant, "the Court of Appeals may . . . treat a question presented as waived."  In this case, we find appellant's failure to comply with Rule 5A:20(c) and (e) is significant.  Accordingly, we consider waived the arguments raised in assignments of error three, four and five.

---

[4] Appellant had ample opportunity to correct the deficiencies in her brief.  Initially, appellant filed an opening brief on March 24, 2014, but filed no appendix.  On April 17, 2014, we granted appellant an extension of time until May 2, 2014 to file an appendix, as well as an amended opening brief that complied with the requirements of Rule 5A:20.  Appellant did not file an appendix or an amended opening brief in a timely manner.  This Court dismissed the appeals on June 20, 2014 for failing to file the appendix and amended brief, but we granted

CONCLUSION

For the foregoing reasons, we summarily affirm the trial court's ruling.  <u>See</u> Rule 5A:27.

<u>Affirmed.</u>

---

appellant's petition for rehearing and reinstated the appeals on August 14, 2014.  The amended brief appellant filed subsequently contains the numerous deficiencies herein noted.