COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

TIMOTHY ALLEN GUILL

MEMORANDUM OPINION[*]
v.      Record No. 1028-15-3                              PER CURIAM
                                                         DECEMBER 8, 2015
CAMPBELL COUNTY DEPARTMENT OF
 SOCIAL SERVICES

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(Grady W. Donaldson, Jr.; Schenkel & Donaldson, P.C., on brief),
for appellant.

(David W. Shreve, County Attorney; Mark T. Stewart, Guardian
*ad litem* for the minor child, on brief), for appellee.

On June 22, 2015, the trial court terminated the residual parental rights of Timothy Allen

Guill (appellant) to his daughter, L.G., pursuant to Code § 16.1-283(B) and (C)(2).  On appeal of

this decision, appellant challenges the sufficiency of the evidence to support the termination.  Upon

reviewing the record and briefs of the parties, we conclude this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence in the "'light most favorable' to the prevailing party in the

circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible

therefrom.'"  Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767

(2005) (quoting  Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d

460, 463 (1991)).  When reviewing a decision to terminate parental rights, we presume the circuit

court "thoroughly weighed all the evidence, considered the statutory requirements, and made its

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

determination based on the child's best interests." Id. at 265-66, 616 S.E.2d at 769 (quoting Fields v. Dinwiddie Cty. Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "The trial court's judgment, 'when based on evidence heard ore tenus, will not be disturbed on appeal unless plainly wrong or without evidence to support it.'" Id. at 266, 616 S.E.2d at 769 (quoting Logan, 13 Va. App. at 128, 409 S.E.2d at 463 (citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

On February 9, 2014, L.G. was born to Dawn Mills and appellant.[1] Following incidents on February 20, March 9, and March 24, 2014, the police were called to the residence Mills and appellant shared with L.G. and Mills' two other children. The incidents involved domestic violence and Mills' use of alcohol and drugs. With the assistance of the Campbell County Department of Social Services (CCDSS), family safety plans were developed and implemented for Mills, appellant, and the children. However, because of Mills' continued misuse of alcohol and drugs and continued domestic violence in the home, L.G. was placed in foster care on April 15, 2014.

Dawn Wilson, the CCDSS social worker assigned to the matter, met with appellant on April 17, 2014. They discussed the foster care program and reunification process. Wilson advised that appellant and Mills should obtain couples' counseling and parenting classes. Appellant agreed to obtain a psychological evaluation. They discussed appellant's employment and his lack of reliable transportation. Appellant had not been taking his medication for manic depression and anxiety for several years. At the meeting, appellant tested positively for benzodiazepines. Appellant said he took both Percocet and hydrocodone. Wilson advised that before appellant could have visitation

---

[1] Mills' residual parental rights to L.G. were terminated voluntarily on February 27, 2015.

with L.G. he would have to test negatively for all medications for which he had no valid prescription. Appellant dismissed Wilson's suggestion that he had a problem with alcohol, stating that he could consume twenty beers and not be affected.

At a Family Assessment and Planning Team meeting on May 7, 2014, appellant tested positively for benzodiazepines, so he was ineligible for visitation with L.G. At that meeting, appellant was advised that Brandy Stinnett would provide services to him and Mills to educate them regarding substance abuse, parenting, and domestic violence. Stinnett also would assist with supervised visitation with L.G. and would provide appellant with transportation. Appellant agreed to the plan.

On May 12, 2014, appellant again tested positively for benzodiazepines, rendering him ineligible for visitation with L.G.

On May 23, 2014, appellant passed a drug screening and had a one-hour supervised visit with L.G.[2] Mills also was present at the visit. Appellant's interaction with L.G. was appropriate during the visit. Appellant did not appear for a scheduled visitation with L.G. on May 30, 2014.

Appellant was arrested on June 2, 2014, but was later released on bond. At that time, appellant told Wilson that he did not want to have visitation with L.G. until his paternity, which had been questioned, was established.

Following an altercation with Mills on June 26, 2014, appellant was arrested for malicious wounding. He remained incarcerated thereafter. He was sentenced on February 25, 2015 to fifteen years with eight years suspended.

---

[2] The May 23, 2014 visit would be appellant's only contact with L.G. after her removal from the home and before appellant's termination hearing in the trial court on April 21, 2015.

On August 25, 2014, prior to appellant's sentencing on the malicious wounding conviction, a protective order was entered prohibiting appellant from having contact with Mills or L.G. The duration of the protective order was two years.

At the time of appellant's termination hearing on April 21, 2015, L.G. had remained with the same foster family since her removal from the care of appellant and Mills. She was happy and thriving in the care of the foster family. The family wanted to adopt her.

Testifying in his own behalf, appellant said that he loved his daughter and did not want her to be adopted. He acknowledged that he would be incarcerated for the foreseeable future and had no current means of providing a home for L.G.

A termination of parental rights under Code § 16.1-283(C)(2) requires clear and convincing evidence that termination is in the best interests of the child and that the parent,

> without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of . . . rehabilitative agencies to such end.

In addition,

> [p]roof that the parent . . . , without good cause, ha[s] failed or been unable to make substantial progress towards elimination of the conditions which led to or required continuation of the child's foster care placement in accordance with their obligations under and within the time limits or goals set forth in a foster care plan . . . shall constitute prima facie evidence of this condition.

Id.

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and

- 4 -

such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

Appellant maintains that his incarceration at the time of the termination hearing did not provide a basis for termination of his parental rights. However, appellant's incarceration was "a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support [the] court's finding that the best interests of the child will be served by termination." Ferguson v. Stafford Cty. Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

Clear and convincing evidence proved the factors required for termination under Code § 16.1-283(C)(2), including that termination was in the best interests of L.G. An unstable home environment led to L.G.'s removal from the home in April 2014, when the child was two months old. During the year thereafter, while L.G. was in foster care, appellant had only one visit with her. Appellant could not have visitation with L.G. due to either his continued drug use or conduct that resulted in his incarceration. At the time of the termination hearing, L.G. was thriving in her foster home, which was a potential adoptive placement for her. Appellant faced years of incarceration, and had no ability to provide a home for L.G. in the foreseeable future.

We recognize that "[t]he termination of [residual] parental rights is a grave, drastic and irreversible action." Helen W. v. Fairfax Cty. Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Considering all the facts and circumstances, there was clear and convincing evidence to prove the factors required for termination of appellant's parental rights pursuant to Code § 16.1-283(C)(2).  In light of this conclusion, we need not consider whether the evidence was sufficient to support termination under Code § 16.1-283(B).  See Fields, 46 Va. App. at 8, 614 S.E.2d at 659.  We summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.